Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiff
JEFFERY R. WERNER

Jack I. Siegal (SBN 218088)
GORDON REES SCULLY MANSUKHANI, LLP
21 Custom House Street, Fifth Floor
Boston, MA 02110
Telephone: (857) 504-2033

Attorneys for Defendants
THE BEAUTY OF LIFE and TRUNG VU

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JEFFERY R. WERNER,

      *Plaintiff*,

v.

THE BEAUTY OF LIFE INC., and
TRUNG VU,

      *Defendants*.

Case No.: 2:19-cv-10541 CBM (JPRx)

**STIPULATED PROTECTIVE ORDER**

*Jury Trial Demanded*

      To facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws (including with respect to trade secrets), contractual confidentiality limitations and privacy rights,

      **IT IS HEREBY STIPULATED** by and between plaintiff Jeffery R. Werner ("Plaintiff" or "Werner") and defendants The Beauty of Life and Trung Vu

1

(collectively, "Defendants") (each, a "Party," and collectively, the "Parties"), by and through their respective counsel of record, who respectfully request the Court to order, as follows:

1.     This Stipulation and Protective Order is adapted from the form protective order available at http://www.lacourt.org/division/civil/CI0043.aspx and approved for use by the Los Angeles County Superior Court as consistent with both California and federal law.

2.     In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.     "Proceeding" means the above-captioned proceeding.

b.     "Court" means the Hon. Consuelo B. Marshall, the Hon. Jean P. Rosenbluth, and any other judge or magistrate to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c.     "Confidential" means any Documents, Testimony or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony or Information is entitled to confidential treatment under applicable law.

d.     "Confidential Materials" means any Documents, Testimony or Information, as defined below, designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e.     "Highly Confidential" means any Information which belongs to a Designating Party who believes in good faith that the information is confidential to or a trade secret of, and not generally known other than to, the Designating Party, and that Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

f.     "Highly Confidential Materials" means any Documents, Testimony or Information, as defined below, designated as "Highly Confidential"

2

pursuant to the provisions of this Stipulation and Protective Order.

g.    "Designating Party" means the Party that designates Documents, Testimony or Information, as defined below, as "Confidential" or "Highly Confidential."

h.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any Information contained therein.

i.    "Documents" means (i) any "writing," "recording," "photograph," "original" and "duplicate" as those terms are defined by Fed. R. Evid. 1001, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions or summaries of all or any part of the foregoing.

j.    "Information" means the content of Documents or Testimony.

k.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

3.    The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means.

4.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5.    Any Documents, Testimony, or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may

3

agree that a case name and number are to be part of the "Highly Confidential" designation. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential – Not for Use or Disclosure Other than in *Werner v. Beauty of Life*, C.D. Cal. Case No. 2:19-cv-10541" or "Highly Confidential – For Disclosure to Court, Attorneys and Experts Only in *Werner v. Beauty of Life*, C.D. Cal. Case No. 2:19-cv-10541," or similar (a "Legend") on each page of any Document containing such designated material.

b. For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the Legend as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, flash drives, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the appropriate Legend.  If only portions of the Information or item warrant protection,

4

the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

6.      If counsel for a Receiving Party objects to such designation with respect to any or all such items, that counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  The challenge and any subsequent motion must proceed in full compliance with Local Rule 37.  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation.

7.      Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

a.      The Court.

b.      Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms.

c.      Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure

shall deliver a copy of this Stipulation and Protective Order to such person, and shall explain that such person is bound to follow the terms of the Order.

        d.     Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding).

        e.     Any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials.

        f.     Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms.

        g.     Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

        h.     Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or

1  threatened breach of this Stipulation and Protective Order by any such expert or

2  expert consultant, to promptly notify counsel for the Designating Party of such

3  breach or threatened breach.

4           i.      Any other person or entity that the Designating Party agrees to in

5  writing.

6      8.      Access to and/or Disclosure of Highly Confidential Materials shall be

7  permitted only to the following persons or entities:

8           a.      Trial Counsel for the Parties, their partners and associates, and

9  staff and supporting personnel of such attorneys, such as paralegal assistants,

10  secretarial, stenographic and clerical employees and contractors, and outside copying

11  services, who are working on this Proceeding (or any further proceedings herein)

12  under the direction of such attorneys and to whom it is necessary that the Highly

13  Confidential Materials be Disclosed for purposes of this Proceeding.  Such

14  employees, assistants, contractors and agents to whom such access is permitted

15  and/or Disclosure is made shall, prior to such access or Disclosure, be advised of,

16  and become subject to, the provisions of this Protective Order.

17           b.      Outside experts or expert consultants consulted by the

18  undersigned Parties or their counsel in connection with the Proceeding, whether or

19  not retained to testify at any oral hearing; provided, however, that prior to the

20  Disclosure of Highly Confidential Materials to any such expert or expert consultant,

21  counsel for the Party making the Disclosure shall deliver a copy of this Stipulation

22  and Protective Order to such person, shall explain its terms to such person, and shall

23  secure the signature of such person on a statement in the form attached hereto as

24  Exhibit A prior to the Disclosure of Highly Confidential Materials. It shall be the

25  obligation of Trial Counsel, upon learning of any breach or threatened breach of this

26  Stipulation and Protective Order by any such expert or expert consultant, to

27  promptly notify Trial Counsel for the Designating Party of such breach or threatened

28  breach.

1          c.      Any person who authored, received, saw or was otherwise

2 familiar with Documents, Testimony or Information or thing designated "Highly

3 Confidential," including any person otherwise familiar with the Highly Confidential

4 Information contained therein, but only to the extent of that person's prior familiarity

5 with the Highly Confidential Information.

6          d.      Court reporters in this Proceeding (whether at depositions,

7 hearings, or any other proceeding).

8          e.      The Court.

9     9.      Confidential Materials and Highly Confidential Materials shall be used

10 by the persons or entities receiving them only for the purposes of preparing for,

11 conducting, participating in the conduct of, and/or prosecuting and/or defending the

12 Proceeding, and not for any business or other purpose whatsoever.

13     10.    Any Party to the Proceeding (or other person subject to the terms of this

14 Stipulation and Protective Order) may ask the Court, after appropriate notice to the

15 other Parties to the Proceeding, to modify or grant relief from any provision of this

16 Stipulation and Protective Order.

17     11.    Entering into, agreeing to, and/or complying with the terms of this

18 Stipulation and Protective Order shall not:

19          a.      operate as an admission by any person that any particular

20 Document, Testimony or Information marked "Confidential" or "Highly

21 Confidential" contains or reflects trade secrets, proprietary, confidential or

22 competitively sensitive business, commercial, financial or personal information; or

23          b.      prejudice in any way the right of any Party (or any other person

24 subject to the terms of this Stipulation and Protective Order):

25              i.      to seek a determination by the Court of whether any

26 particular Confidential Materials or Highly Confidential Materials should be subject

27 to protection under the terms of this Stipulation and Protective Order; or

28

ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Testimony or Information.

12.    Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13.    Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14.    If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to

9

1  quash or limit the Subpoena, otherwise oppose production of the Confidential

2  Materials or Highly Confidential Materials, and/or seek to obtain confidential

3  treatment of such materials from the subpoenaing person or entity to the fullest

4  extent available under law. The recipient of the Subpoena may not produce any

5  Confidential Materials or Highly Confidential Materials pursuant to the Subpoena

6  prior to the date specified for production on the Subpoena unless prohibited by law.

7       15.    Nothing in this Stipulation and Protective Order shall be construed to

8  preclude either Party from asserting in good faith that certain Confidential Materials

9  or Highly Confidential Materials require additional protection. The Parties shall

10  meet and confer to agree upon the terms of such additional protection.

11       16.    If, after execution of this Stipulation and Protective Order, any

12  Confidential Materials or Highly Confidential Materials submitted by a Designating

13  Party under the terms of this Stipulation and Protective Order is Disclosed by a non-

14  Designating Party to any person other than in the manner authorized by this

15  Stipulation and Protective Order, the non-Designating Party responsible for the

16  Disclosure shall bring all pertinent facts relating to the Disclosure of such

17  Confidential Materials or Highly Confidential Materials to the immediate attention

18  of the Designating Party.

19       17.    This Stipulation and Protective Order is entered into without prejudice

20  to the right of any Party to knowingly waive the applicability of this Stipulation and

21  Protective Order to any Confidential Materials or Highly Confidential Materials

22  designated by that Party. If the Designating Party uses Confidential Materials or

23  Highly Confidential Materials in a non-Confidential manner, then the Designating

24  Party shall advise that the designation no longer applies.

25       18.    Where any Highly Confidential Materials, or Information derived

26  therefrom, is included in any motion or other proceeding, the Parties and any

27  involved non-party shall follow the procedures of this Court for filing under seal at

28  http://www.cacd.uscourts.gov/sites/default/files/documents/Guide%20to%20Efiling

%20Sealed%20Docs.pdf.

19.    The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry of an appropriate order.

20.    Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials or Highly Confidential Materials.

21.    This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

22.    Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Highly Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a

1   Court order regarding proper preservation of such Materials. To the extent permitted

2   by law the Court shall retain continuing jurisdiction to review and rule upon the

3   motion referred to in sub-paragraph (c) herein.

4          23.    In accordance with Federal Rule of Evidence 502(d) and (e), the Parties

5   agree to and the Court orders protection of privileged and otherwise protected

6   documents against claims of waiver (including as against third parties and in other

7   proceedings) as follows:

8          a.    The production of Documents by a producing Party subject to a

9   legally recognized claim of privilege, including without limitation attorney-client

10  privilege and the work-product doctrine, to a receiving Party, does not constitute the

11  voluntary disclosure of such document.

12         b.    The inadvertent production of any Documents in this action does

13  not result in the waiver of any privilege, evidentiary protection, or other protection

14  associated with such document as to the receiving Party or any third Parties and does

15  not result in any waiver, including subject-matter waiver, of any kind.

16         c.    If, during this Proceeding, a Party determines that any Document

17  produced by another Party is or may reasonably be subject to a legally cognizable

18  privilege or evidentiary protection ("Protected Document"):

19              i.    The receiving Party shall: (A) refrain from reading the

20  Protected Document any more closely than is necessary to ascertain that it is

21  privileged or otherwise protected from disclosure; (B) immediately notify the

22  producing Party in writing that it has discovered Documents believed to be privileged

23  or protected; (C) identify the Protected Document by Bates number range or hash

24  value, and (D) within ten (10) days of discovery by the receiving Party, return,

25  sequester, or destroy all copies of such Protected Document, along with any notes,

26  abstracts, or compilations of the content thereof. To the extent that a Protected

27  Document has been loaded into a litigation review database under the control of the

28  receiving Party, the receiving Party will have all electronic copies of the Protected

1   Document extracted from the database. Notwithstanding, the receiving Party is under

2   no obligation to search or review the production Party's Documents to identify

3   potentially privileged or work-product-protected Documents.

4                   ii.     If the producing Party intends to assert a claim of privilege

5   or other protection over Documents identified by the receiving Party as Protected

6   Documents, the producing Party will, within ten (10) days of receiving the receiving

7   Party's written notification described above, inform the receiving Party of such

8   intention in writing and shall provide the receiving Party with a log for such

9   Protected Documents that is consistent with the requirements of the Federal Rules of

10   Civil Procedure, setting forth the basis for the claim of privilege or other protection.

11   If any portion of a Protected Document does not contain privileged or protected

12   information, the Producing Party shall also provide to the receiving Party a redacted

13   copy of the Document that omits the information that the Producing Party believes is

14   subject to a claim of privilege or other protection.

15                d.     If, during the Proceeding, a Party determines it has produced a

16   Protected Document:

17                  i.     The producing Party may notify the receiving Party of such

18   inadvertent production in writing and demand the return of such Document. Such

19   notice must be in writing; however, it may be delivered orally on the record at a

20   deposition, promptly followed-up in writing. The producing Party's written notice

21   must identify the Protected Document by Bates number range or has value, the

22   privilege or protection claims, and the basis for the assertion of the privilege or

23   protection and must provide the receiving Party with a log for the Protected

24   Document that is consistent with the requirements of the Federal Rules of Civil

25   Procedure, setting forth the basis for the claim of privilege or other protection. If any

26   portion of the Protected Document does not contain privileged or protected

27   information, the producing Party must also provide to the receiving Party a redacted

28   copy of the Document that omits the information that the producing Party believes is

1   subject to a claim of privilege or other protection.

2              ii.      The receiving Party must, within ten (10) days of receiving

3   the producing Party's written notification described above, return, sequester, or

4   destroy the Protected Document and any copies, along with any notes, abstracts, or

5   compilations of the content thereof. If a Protected Document has been loaded into a

6   litigation review database under the control of the receiving Party, the receiving Party

7   will have all electronic copies of the Protected Document extracted from the

8   database.

9          e.      If the information contained in a Protected Document has already

10   been used in or described in other documents generated or maintained by the

11   receiving Party before the date it receives written notice by the producing Party as set

12   forth above, then the receiving Party must sequester such documents until the claim

13   has been resolved. If the receiving Party disclosed the Protected Document before

14   being notified of its inadvertent production, it must take reasonable steps to retrieve

15   it.

16          f.      The receiving Party's return, sequestering, or destruction of

17   Protected Documents as provided herein will not act as a waiver of that Party's right

18   to move for the production of the returned, sequestered, or destroyed Documents on

19   the grounds that the documents are not, in fact, subject to a viable claim of privilege

20   or protection. But the receiving Party may not argue that:

21              i.      the production of the Protected Document acts as a waiver

22   of a privilege or evidentiary protection;

23              ii.      the production of the Protected Document was not

24   inadvertent;

25              iii.      the producing Party did not take reasonable steps to prevent

26   the production of the Protected Document; or

27              iv.      the producing Party failed to take reasonable or timely steps

28   to rectify the error in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), or

14

1  otherwise.

2          g.      If the Court allows either party may submit Protected Documents

3  to the Court under seal for a determination of the claim of privilege or other

4  protection. The producing Party shall preserve the Protected Documents until such

5  claim is resolved. The receiving Party may not use the Protected Documents for any

6  purpose until the Court rules on the claim of privilege or protection.

7          h.      Upon a determination by the Court that the Protected Documents

8  are protected by a privilege or evidentiary protection, and if the Protected Documents

9  have been sequestered rather than returned or destroyed by the receiving Party, the

10  Protected Documents shall be returned or destroyed within ten (10) days of the

11  Court's order. The Court may also order the identification by the receiving Party of

12  Protected Documents by search terms or other means.

13          i.      Nothing herein is intended to or will serve to limit a Party's right

14  to conduct a review of Documents, data (including electronically stored information)

15  and other information, including without limitation metadata, for relevance,

16  responsiveness, and/or the segregation of privileged and/or protected information

17  before such information is produced to another Party.

18          j.      By operation of the Parties' agreement and Court order, the

19  Parties are specifically afforded the protections of Federal Rule of Evidence 502(d)

20  and (e).

21      24.     After this Stipulation and Protective Order has been signed by counsel

22  for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound

23  by the terms set forth herein with regard to any Confidential Materials or Highly

24  Confidential Materials that have been produced before, and whether or not, the

25  Court signs this Stipulation and Protective Order.

26

27      The Parties and all signatories to the Certification attached hereto as Exhibit A

28  agree to be bound by this Stipulation and Protective Order pending its approval and

entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials and Highly Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

IT IS SO STIPULATED.

Dated: May 20, 2020            Respectfully submitted,

                               PERKOWSKI LEGAL, PC

                               By:    /s/ Peter Perkowski

                                      Peter E. Perkowski

                                      Attorneys for Plaintiff
                                      JEFFERY R. WERNER


Dated: May 20, 2020            GORDON REES SCULLY MANSUKHANI, LLP

                               By:    /s/ Jack I. Siegal

                                      Jack I. Siegal

                                      Attorneys for Defendants

                               **ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated:    5/26/2020            _____
                              Jean P. Rosenbluth
                              United States Magistrate Judge

16

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

| Name: | Employer: |
|---|---|

I acknowledge that I am about to receive Confidential Materials and Highly Confidential Materials in connection with *Werner v. Beauty of Life*, C.D. Cal. Case No. 2:19-cv-10541 (the "Proceeding"). I understand that these Materials are provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in this Proceeding. I have been given a copy of the Stipulated Protective Order; I have read it and agree to be bound by its terms.

I understand that the Confidential Materials and Highly Confidential Materials, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, may not be Disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials or Highly Confidential Materials I obtain, except as provided in the Stipulated Protective Order or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials and Highly Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, when those copies will be returned to counsel who provided me with such materials, or destroyed.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed this _____ day of _____, 2020, at _____.

Dated:_____          By :_____

                                              Name:

17

STIPULATED PROTECTIVE ORDER